UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 2:05-CV-215  PS |
| ) | |
| DOC C. STALLING and KENNETH ) | |
| STALLING, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Judgment by Default as to Defendant Doc Stalling [Doc. 5] and as to Defendant Kenneth Stalling [Doc. 7], pursuant to Federal Rule of Civil Procedure 55(b)(2).  Because the grounds for default are clearly established and the amount of damages are definite, Plaintiff's Motions for Judgment by Default [Doc. 5, 7] are **GRANTED**.

Plaintiff filed this cause of action on May 24, 2005, seeking to enforce a judgment entered in its favor in the action entitled *Mercantile National Bank of Indiana v. Dock Incorporated et al.*, Cause No. 45D11-0301-MF-00028 in Lake Superior Court, Crown Point, Indiana.  (*See* Compl.)  Defendant Doc Stalling was duly served with process to appear and answer the complaint on June 8, 2005 [Doc. 8], and Defendant Kenneth Stalling was duly served with process to appear and answer the complaint on June 24, 2005. [Doc 3].  Defendants failed to appear, answer, or otherwise plead in this action.  Plaintiff moved for clerk's entry of default on August 4, 2005, and the clerk entered default as to Defendants on August 26, 2005.  [Doc. 4,

6, 9 and 10].

A Financial Litigation Agent from the U.S. Attorney's Office, Financial Litigation Unit calculated the debt owed to Plaintiff and submitted a Verified Statement of Amount Due (attached to both Motions for Judgment by Default) reflecting the following amounts:

| | |
|---|---|
| Principal: | $391,930.06 |
| Prejudgment interest to February 10, 2005 at 7.148% per annum: | $63,407.55 |
| Total Judgment Amount: | $455,337.61 |

(Verified Statement of Amount Due, ¶ 2, [Doc. 5, 7].)  The Verified Statement also sets forth that "[i]nterest accrues thereafter to entry of judgment on the principal amount at the rate of 7.148% per annum and on the total amount after judgment at the legal rate until fully paid.  In addition, Plaintiff is entitled to Bill of Costs in the amount of $250.00 for costs, as provided by 28 U.S.C. §1914(a) and 2412(a)(2)."  (*Id.* ¶¶ 2-3.)  Furthermore, the Verified Statement notes that "information provided by the agency leads me to believe that the defendant is not an infant or incompetent person and is not in the military service."  (*Id.* ¶ 4.)

Federal Rule of Civil Procedure 55(b)(2) gives the Court the power to enter default judgment in this situation.  It provides:

> In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person . . . .

Fed. R. Civ. P. 55(b)(2).  The Court however must exercise sound judicial discretion in entering default.  *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993) ("The decision to enter default lies within the district court's discretion.").  The Court may consider a

2

number of factors when deciding a motion for default judgment. These factors include "the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are at issue, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt." Wright, Miller & Kane, 10 A *Federal Practice and Procedure* § 2685 (3d ed. 1998) (citing cases).

Here, no material issues of fact are at issue and the grounds for default are clearly established. In addition, the default goes beyond a mere technicality, as Defendants have still not filed any responsive pleading in more than four months. Defendants were served with the summons and complaint in June 2005, and the clerk entered default on August 26, 2005. Defendant cannot be allowed to completely ignore this suit. *In re Pyramid Energy, Ltd. v. Heyl & Patterson, Inc.*, 869 F.2d 1058, 1062 (7th Cir. 1989) ("A trial court is entitled to say, under proper circumstances, that enough is enough[.]"). Here, the Court finds that the weighing of factors comes out strongly in favor of the Plaintiff, and accordingly, default judgment for the Plaintiff is proper.

After granting a motion for default judgment, a court may conduct a hearing to determine damages. *See* Fed. R. Civ. P. 55(b)(2); *see also Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). In cases where damages are "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits," however, such a hearing is unnecessary. *Id.* In this case, the Court has the necessary information to calculate damages, and therefore, no hearing is necessary.

Plaintiff provided a Verified Statement of Amount Due (attached to both Motions for Judgment by Default), executed by Peggy Palmer, to establish the amount of damages owed by Defendants. Palmer's duties involve the collection activities on debts owed to the United States. (Verified Statement of Amount Due, ¶ 1, [Docs. 5, 7].) Palmer declares that there remains due and owing to the United States (1) the sum of $455,337.61 (calculated from adding the principal of $391,930.06 and the pre-judgment interest of $63,407.55 through February 10, 2005 at 7.148% per annum); (2) the interest on the principal after February 10, 2005 to date of judgment at the rate of 7.148% per annum; (3) the post-judgment interest on the total amount at the legal rate pursuant to 28 U.S.C. § 1961(a), computed daily and compounded annually until fully paid; and (4) the amount of $250.00 in costs under 28 U.S.C. §1914(a) and 2412(a)(2). (*Id.* ¶¶ 2-3.)

Accordingly, because the damages and costs are certain and ascertainable from the Verified Statement of Amount Due supplied by Plaintiff, the Court sees no reason to hold a hearing in this matter.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Default Judgment as to Defendant Doc Stalling [Doc. 5] and Plaintiff's Motion for Default Judgment as to Defendant Kenneth Stalling [Doc. 7] are **GRANTED**. It is hereby **ORDERED AND ADJUDGED** that judgment for unpaid amounts is hereby entered in favor of the United States of America and against Defendants Doc Stalling and Kenneth Stalling, jointly and severally, in the amount of $455,337.61, plus interest and other statutory additions accruing after February 10, 2005. In addition, Defendants Doc Stalling and Kenneth Stalling, jointly and severally, shall pay the cost of the filing fee in the

amount of $250.  The Clerk is directed to enter **FINAL JUDGMENT** stating that Plaintiff is entitled to the relief ordered herein.  The Clerk is further directed to treat this matter as **TERMINATED**.

    **SO ORDERED**.

    ENTERED: November 22, 2005

                                            s/ Philip P. Simon
                                            PHILIP P. SIMON, JUDGE
                                            UNITED STATES DISTRICT COURT